UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION



| | | |
|---|---|---|
| LUCIA L. MARTINEZ, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO.<br>5:04-CV-255-C |
| | § § | |
| JO ANNE B. BARNHART,<br>Commissioner of Social Security, | § § § | |
| Defendant. | § § | |

## REPORT AND RECOMMENDATION

Plaintiff Lucia L. Martinez seeks judicial review of a decision of the Commissioner of Social Security, denying her application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. § 1382c. The United States District Judge, pursuant to 28 U.S.C. § 636(b), referred this case to the United States Magistrate Judge for report and recommendation, proposed findings of fact and conclusions of law, and a proposed judgment. After reviewing the administrative record and the arguments of both parties, this court recommends that the District Court reverse and remand the Commissioner's decision.

I. **Statement of the Case**

An Administrative Law Judge (ALJ) denied Martinez's application for SSI at the fourth step of the sequential disability evaluation process finding that despite severe impairments, she could perform her past work as a laundress. (*See* Tr. 460-62.) The Appeals

Council granted Martinez's request for review and vacated and remanded the ALJ's decision for resolution of a number of issues. (Tr. 460.) Of concern to the Appeals Council was the ALJ's findings at step four of his analysis. (Tr. 461.) Specifically, the Appeals Council found that the evidence suggested that Martinez's past work as a laundress was an unsuccessful work attempt and therefore not substantial gainful activity. (*Id.*) The Appeals Council instructed the ALJ to further evaluate Martinez's work history to determine whether she had past relevant work and, if he determined that she did, to compare the demands of that work with her residual functional capacity. (*Id.*)

The ALJ held a second hearing and again found that Martinez was not disabled because she was capable of performing her past work as a laundress. (Tr. 8-17, 531-44.) The Appeals Council denied Martinez's request for review and the ALJ's decision became the Commissioner's final decision. (Tr. 3-5.)

Martinez contends that her past work as a laundress did not constitute "past relevant work" as that term is defined in the Commissioner's regulations; to the contrary, she contends that her work as a laundress was an unsuccessful work attempt and as such suggests that she is unable to perform light work. In addition and in the event of remand, she requests that the court recommend assignment of her case to a different ALJ.

## II. <u>Discussion</u>

Generally, work a claimant has been able to do in the past indicates the type of work he or she is capable of performing. 20 C.F.R. § 416.965(a) (2004); *see* S.S.R. 82-62, 1982

2

WL 31386 at *1. Thus, a claimant is not disabled if he or she is capable of performing past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). A claimant's past work will be considered "relevant" to the determination of the type of work he or she can perform if it (1) was done in the last 15 years; (2) lasted long enough for the claimant to learn to do the work; and (3) was substantial gainful activity. *Id.* The only determination the ALJ made in regard to whether Martinez's work as a laundress could be classified as past relevant work was his determination that her job lasted long enough for her to learn to do the work. (Tr. 16.) He did not determine whether the work was substantial gainful activity.

Substantial gainful activity is work that involves significant and productive physical and mental activities that are done (or intended) for profit. 20 C.F.R. § 416.910. The claimant's earnings are the primary consideration for determining whether his or her work is substantial gainful activity. 20 C.F.R. § 416.974(a)(1). Martinez worked as a laundress at a nursing home for approximately one month in early 2001[1] and was paid $283.00 bi-weekly and a total of $587.60. (Tr. 76, 110, 121-22, 165.) According to the Commissioner's earnings guidelines, work activity was substantial gainful activity in the year 2001 if the claimant's monthly earnings averaged more than $700. 20 C.F.R. § 416.974(b)(2)(ii).

---

[1] The evidence and Martinez's claims regarding the length of time she worked in this position are conflicting. Martinez contends in her supporting brief that she worked only two weeks. (Pl.'s Br. 6.) However, at both the first and second hearings she testified that she worked at the nursing home for one month and admissions in application documents indicate that she worked in the position for one month in January 2001. (Tr. 110, 121-22, 521, 534.) Although she indicated in one application document that she worked as a laundress in the nursing home from January 6, 2001, until February 6, 2002, the court assumes she intended to state that she worked from January 6, 2001, until February 6, 2001, because she indicated such in another application document (Tr. 478) and because wage statements generated by the Social Security Administration indicate that she did not work after 2001 (Tr. 72, 76).

Therefore, because Martinez earned less than $700 as a laundress, the work was not substantial gainful activity. *See* 20 C.F.R. § 416.974(b)(2)(ii).

The Commissioner, however, contends that earnings which do not meet the earnings guidelines do not necessarily show that a claimant cannot engage in substantial gainful activity. Citing Section 416.974, she argues that although the regulations explain that earnings of at least $700 per month in 2001 will warrant a finding that the work was substantial gainful activity, earnings of $700 are not required; thus, Martinez's earnings of $587.50 in the year 2001 do not prohibit a finding that her work as a laundress was substantial gainful activity.

Section 416.974(a)(1) does indicate that earnings under $700 per month in 2001 do not necessarily prohibit a finding of substantial gainful activity. However, the Commissioner has cited only a portion of Section 416.974(a)(1). The relevant portion of Section 416.974(a)(1) provides:

> Generally, if you worked for substantial earnings, we will find that you are able to do substantial gainful activity. However, the fact that your earnings were not substantial will not necessarily show that you are not able to do substantial gainful activity. *We generally consider work that you are forced to stop or to reduce below the substantial gainful activity level after a short time because of your impairment to be an unsuccessful work attempt. Your earnings from an unsuccessful work attempt will not show that you are able to do substantial gainful activity.*

20 C.F.R. § 416.974(a)(1) (emphasis added). Thus, regardless of the amount of Martinez's earnings, if her work as a laundress was an unsuccessful work attempt the regulations would direct a finding that she is unable to do substantial gainful activity. *Id.*

4

The Appeals Council ordered the ALJ to engage in further evaluation as to whether Martinez's work as a laundress was substantial gainful activity. The Appeals Council specifically cited to application documents and to Martinez's earnings which, according to the Appeals Council, suggested that her work was an unsuccessful work attempt rather than substantial gainful activity. (Tr. 461.) The ALJ did not comply with the Appeals Council's order; he failed to evaluate whether Martinez engaged in substantial gainful activity despite evidence to the contrary.

Such an evaluation was critical. The "unsuccessful work attempt" concept "was designed as an equitable means of disregarding relatively brief work attempts that do not demonstrate sustained substantial gainful activity." S.S.R. 84-25, 1984 WL 49799 (1984), *superceded on other grounds by* S.S.R. 05-02, 2005 WL 568616 (2005). The Commissioner considers work of three months or less to be an unsuccessful work attempt if the claimant stopped working because of an impairment or because of the removal of special conditions which enabled the claimant to perform work he might not otherwise have been able to perform. 20 C.F.R. § 416.974(c)(3).

Martinez's physicians diagnosed her with myofascial pain syndrome, reflex sympathetic dystrophy, and complex regional pain syndrome. (Tr. 14, 170, 177, 204, 333.) At the first hearing Martinez referred to her problems with pain when she explained to the ALJ why she quit her job as a laundress after only one month. Specifically, she stated that taking the clothes out of the washing machine caused too much pain in her back, that her

5

hands "locked up," and that she could not do a lot of walking because of pain in her legs. (Tr. 521-22.) At her second hearing she again indicated that her problems with pain caused her to quit working and explained that her doctors implanted a dorsal column stimulator for her pain after she quit working in 2001. (Tr. 534.)

The evidence corroborates Martinez's testimony. On January 30, 2001, which was on or around the date she quit working as a laundress, Martinez was examined at the Texas Tech University Health Sciences Center (TTUHSC) for complaints of sharp, continuous pain in her neck and left upper extremity. (Tr. 303-04.) On a date unknown in early February 2001, Martinez underwent surgery for the implantation of a dorsal column stimulator on a trial basis. (Tr. 177-79.) On April 13, 2001, her physicians implanted a permanent dorsal column stimulator. (Tr. 333-34.) The course of these events indicates that Martinez ended her work because of her impairments. (*See also* Tr. 510: Martinez reported to a consulting psychologist that she quit work as a laundress because of her pain.)

Under the regulations, Martinez's work as a laundress should be considered an unsuccessful work attempt because it lasted less than three months and was discontinued because of her impairments. 20 C.F.R. § 416.974(c)(3). Had the ALJ complied with the Appeals Council's order and further evaluated Martinez's work history, it could be determined whether his decision regarding her past relevant work is supported by substantial evidence. In the absence of such an evaluation and in light of the evidence and testimony in this case, the Commissioner's decision of non-disability is not supported by substantial

6

evidence and must be reversed. 42 U.S.C. § 405(g) (2004); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) (citations omitted).

In the event that the court remands Martinez's case for additional administrative proceedings, her request for assignment of her claim to a different ALJ should be denied. Certainly, a claimant has a due process right to be heard by a fair and impartial ALJ. *See Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991) (citation omitted). In fact, the regulations ensure a claimant to a hearing before an impartial ALJ by providing a procedure through which a claimant may seek appointment of a different ALJ. *See* 20 C.F.R. § 404.940. Martinez did not utilize this procedure; therefore, she failed to exhaust the required administrative remedies and her request must be denied. *See Muse*, 925 F.2d at 790 (citing 20 C.F.R. §§ 404.900, 416.1400 (1990); *Harper by Harper v. Bowen*, 813 F.2d 737, 739 (5th Cir. 1987) (court refused to review a claim of bias where claimant alleged that bias was evident from ALJ's decision but did not present objections to the ALJ or the Appeals Council).

### III.  **Recommendation**

Based on the foregoing discussion of the issues, evidence and the law, this court recommends that the United States District Court reverse the Commissioner's decision and remand Martinez's case for further administrative proceedings consistent with this Report and Recommendation.

IV. **Right to Object**

Pursuant to 29 U.S.C.§ 636(b)(1), any party has the right to serve and file written objections to the Report and Recommendation within 10 days after being served with a copy of this document. The filing of objections is necessary to obtain de novo review by the United States District Court. A party's failure to file written objections within 10 days shall bar such a party, except upon grounds of plain error, from attacking on appeal the factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc).

Dated: _May 10_, 2005.

_____
NANCY M. KOENIG
United States Magistrate Judge

8